# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN SUHOVY, | ) 1:12-cv-01889-LJO-GSA |
| | ) |
| Plaintiff, | ) |
| | ) ORDER RE. DEFENDANT'S MOTION |
| v. | ) TO COMPEL AND FOR MONETARY |
| | ) SANCTIONS |
| | ) |
| SARA LEE CORPORATION | )  (Document 9) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

Pending before the Court is Defendant Sara Lee Corporation's ("Defendant") Motion To Compel Discovery Responses and for Monetary Sanctions, filed on May 1, 2013.  (Doc. 9).[1] Plaintiff Norman Suhovy ("Plaintiff") filed an opposition on May 10, 2013.  (Doc. 12).  Upon a review of the parties' papers, the Court finds that Defendant's motion does not comply with the requirements of Local Rule 251(b) and (e).  Therefore, the motion is DENIED without prejudice and the hearing on the motion, presently set for May 17, 2013, at 9:30 a.m., is VACATED.

Local Rule 251(b) establishes a "Requirement of Conferring" as follows:

> [A motion to compel] shall not be heard unless (1) the parties have conferred and attempted to resolve their differences, and (2) the parties have set forth their differences and the bases therefor in a Joint Statement re Discovery Disagreement.

---

[1] Defendant served Plaintiff with Interrogatories, Set One, and Requests for the Production of Documents and Things, Set One, on February 7, 2013.  (Doc. 10).  Plaintiff represents that responses (without objections) to these discovery requests were mailed to Defendant's counsel on May 9, 2013, after the filing of the instant motion. (Doc. 12).  Plaintiff concedes that its responses were "late-served."  (Doc. 12).

1

> Counsel for all interested parties shall confer in advance of the filing of the motion or in advance of the hearing of the motion in a good faith effort to resolve the differences that are the subject of the motion. *Counsel for the moving party or prospective moving party shall be responsible for arranging the conference*, which shall be held at a time and place and in a manner mutually convenient to counsel.

(Emphasis added).  In the present instance, the parties did not confer in a telephonic or in-person conference, as required by Rule 251(b).  The limited contact between counsel occurred entirely through an exchange of letters.  On March 14, 2013, Defendant's counsel sent a letter to Plaintiff's counsel noting Plaintiff's failure to timely respond to Defendant's discovery requests and inquiring when responses would be provided.  (Doc. 10).  Plaintiff's counsel responded on March 28, 2013, also in a letter, that she was working on responses without objections and "hope[d] to have them to you within the next two weeks at the latest." (Doc. 12).  Plaintiff's counsel added that Defendant's counsel should feel free to contact her at any time to discuss the issue further.  (Doc. 12).  Defendant's counsel failed to convene a conference to discuss the problem directly, in person or over the phone.  Instead, when Plaintiff's responses were not received by May 1, 2013, the Defendant filed the instant motion to compel.  However, a Joint Statement regarding the discovery disagreement was not submitted.

Local Rule 251(e) provides:

> [The] requirement for a Joint Statement re Discovery Disagreement shall not apply to the following situations: (1) when there has been a complete and total failure to respond to a discovery request or order, or (2) when the only relief sought by the motion is the imposition of sanctions.

Here the parties had communicated regarding the delay in Plaintiff's response to discovery requests propounded by the Defendant.  Specifically, Plaintiff's counsel confirmed that she intended shortly to provide responses without objections.  The situation was not marked by "a complete and total failure to respond to a discovery request." Consequently, a Joint Statement should have been timely filed as required by Local Rule 251(b).

As reflected in Local Rule 251, this Court strongly encourages parties to work together to informally resolve discovery disputes to the utmost extent possible.  Plaintiff's counsel has represented to the Court that she has been ill for an extended period of time, and has, by now, provided responses to the discovery requests at issue in the instant motion.  Furthermore, the

1  discovery cut-off deadline specified in the Scheduling Order for this matter is January 24, 2014.

2  Given this context, it seems highly probable that the instant discovery disagreement could have

3  been resolved without involving the Court had the parties conferred directly, in accordance with

4  Rule 251(b).  Instead the parties relied on an exchange of letters, which, in general, is not the

5  most conducive way to resolve disputes.  The failure to submit a Joint Statement further indicates

6  that the parties are not working together in the manner envisioned by Rule 251.

7       In view of the Defendant's failure to meet and confer as required by Rule 251(b), and to

8  submit a Joint Statement as required by Rule 251(e), the Court declines to issue a ruling on the

9  merits.  As noted above, counsel are encouraged to resolve their discovery disputes without court

10  intervention.  The parties are advised, moreover, that the Court requires the personal appearance

11  of counsel for all discovery-related hearings, so that an in-person "meet and confer" may occur.

12  **ORDER**

13  Defendant's Motion to Compel and for Monetary Sanctions is DENIED without

14  prejudice.  The motion hearing set for May 17, 2013 at 9:30 a.m. is VACATED.

15

16       IT IS SO ORDERED.

17  **Dated:   May 14, 2013**          **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28