SPENCER H. HIPP, Bar No. 090485
shipp@littler.com
RYAN L. EDDINGS, Bar No. 256519
reddings@littler.com
LITTLER MENDELSON, P.C.
5200 North Palm Avenue, Suite 302
Fresno, California  93704.2225
Telephone:  559.244.7500
Facsimile:   559.244.7525

Attorneys for Defendant
SARA LEE CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN SUHOVY,<br><br>          Plaintiff,<br><br>v.<br><br>SARA LEE CORPORATION, a Maryland corporation, and DOES 1 through 100, inclusive,<br><br>          Defendant. | Case No.  1:12-CV-01889-LJO-GSA<br><br>**STIPULATED PROTECTIVE ORDER** |

     Plaintiff NORMAN SUHOVY ("Plaintiff") and Defendant SARA LEE CORPORATION ("Defendant"; Plaintiff and Defendants are collectively referred to herein as the "Participating Parties") hereby stipulate and agree as follows:

     1.   Good cause exists for the issuance of this Order in that the Participating Parties seek to have reasonable access to information relevant to liability and damages in this lawsuit while providing the Participating Parties with a means for limiting access to, and disclosure of, confidential, private, or trade secret information.

     2.   Participating Parties may designate all or portions of any document, thing material, testimony, inspection, product of an inspection or other information derived there from as "CONFIDENTIAL" under the terms of this

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

Stipulated Protective Order                                                  Case No. 1:12-CV-01889-LJO-GSA

1  Stipulated Protective Order ("Order"). Material designated as "CONFIDENTIAL"
2  under the Order ("CONFIDENTIAL INFORMATION") may be used only for the
3  purpose of prosecution, defense, discovery, and/or mediation or settlement of this
4  action, and not for any other purpose. CONFIDENTIAL INFORMATION means any
5  and all information relating to the past, present, or future medical treatment of any
6  individual who is a party to this action, or protected health information of third parties
7  whose protected health information is contained in the medical records of any party,
8  as well as any and all information relating to the provision of health care to such
9  individual and payment for the provision of such health care. For purposes of this
10 Order, Defendant may request Plaintiff's medical records from Robyn Aylor, Ph.D.
11 dating from December 1, 2008 through to the present and the production of such
12 records shall be deemed CONFIDENTIAL INFORMATION.

13          3.     CONFIDENTIAL INFORMATION shall be so designated by
14 stamping copies of the document produced or testimony with the legend
15 "CONFIDENTIAL" or pre-designating any inspection and any derived product of the
16 inspection as "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the
17 cover of any multi-page document shall designate all pages of the document as
18 confidential, stamping on a label on any electronic storage medium shall designate the
19 contents of such electronic storage medium as CONFIDENTIAL INFORMATION.
20 Whether or not any evidence or testimony is, in fact, designated as
21 "CONFIDENTIAL" shall not be conclusive of whether it is lawfully entitled to
22 protection as such, and the failure to make such a designation shall not constitute a
23 waiver to do so.

24          4.     CONFIDENTIAL INFORMATION produced pursuant to this
25 Order shall be disclosed, revealed, or disseminated only to the Court, the court
26 personnel or staff, Participating Parties, counsel of record for the Participating Parties,
27 their associate attorneys, paralegals, secretaries, clerical staff and to the "QUALIFIED
28 PERSON(S)" designated below.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Stipulated Protective Order                2.                    Case No. 1:12-CV-01889-LJO-GSA

(a) witnesses;

(b) experts and consultants retained by counsel in the prosecution, defense, or settlement of this action;

(c) court reporter(s) employed in this action;

(d) a witness at any deposition;

(e) a Participating Party, or an officer, director, managing agent, or employee of a Participating Party;

(f) any party and any officer or employee of a party, to the extent deemed necessary by counsel for that party, for the prosecution or defense of this action;

(g) any mediator engaged jointly by the parties during mediation;

(h) any other person as to whom the Participating Parties agree in writing.

5. Prior to reviewing any CONFIDENTIAL INFORMATION, each QUALIFIED PERSON shall execute the Non-Disclosure Agreement in the form of Attachment A. The Participating Parties must retain copies of any executed Non-Disclosure Agreements and must surrender said copies following the adjudication or settlement of this action as set forth in paragraph 18 herein. CONFIDENTIAL INFORMATION may be duplicated and transmitted to all persons identified in Paragraph 4. However, an individual identified in subparagraphs (a) and/or (d) in this litigation may be shown or given access to CONFIDENTIAL INFORMATION during that individual's deposition without acknowledging this Protective Order in writing, provided that Counsel who asserts the information is confidential advises the individual that: (1) the CONFIDENTIAL INFORMATION is subject to a Protective Order issued by the Court; (2) the Protective Order prohibits disclosure of such information, and the individual shall not disclose the CONFIDENTIAL INFORMATION to anyone outside the deposition and must return any copies of such

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Stipulated Protective Order           3.           Case No. 1:12-CV-01889-LJO-GSA

CONFIDENTIAL INFORMATION after the deposition to the attorney who provided the material.

6. Testimony taken at a deposition may be designated as CONFIDENTIAL INFORMATION by making a statement to that effect on the record at the deposition. Arrangements shall be made with the deposition reporter taking and transcribing information designated as confidential to bind such portions of the deposition transcript containing information designated as confidential, and to label such portions appropriately. Such deposition testimony shall be conducted only before those persons identified in Paragraph 4 herein.

7. Participating Parties may also designate all or portions of any document, thing material, testimony or other information derived there from as "ATTORNEYS' EYES ONLY." Material designated as "ATTORNEYS' EYES ONLY" ("ATTORNEYS' EYES ONLY MATERIAL") under the Order may be used only for the purpose of prosecution, defense, discovery, mediation or settlement of this action and not for any other purpose. ATTORNEYS' EYES ONLY MATERIAL is limited to such highly sensitive information such as the protected health information of non-parties to this lawsuit. Information concerning or evidencing a Participating Party's claim for damages or offsets shall not be designated as ATTORNEYS' EYES ONLY MATERIAL, and shall be designated as CONFIDENTIAL INFORMATION.

8. ATTORNEYS' EYES ONLY MATERIAL shall be so designated by stamping copies of the document produced with the legend "ATTORNEYS' EYES ONLY" or pre-designating any inspection, including the product of any inspection, as "ATTORNEYS' EYES ONLY." Stamping the legend "ATTORNEYS' EYES ONLY" on the cover of any multi-page document shall designate all pages of the document as ATTORNEYS' EYES ONLY MATERIAL, stamping on a label on any electronic storage medium shall designate the contents of such electronic storage medium as ATTORNEYS' EYES ONLY MATERIAL and pre-designating any inspection shall designate the inspection and any product or reports of the inspection

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Stipulated Protective Order   4.   Case No. 1:12-CV-01889-LJO-GSA

1  as ATTORNEYS' EYES ONLY MATERIAL.  Whether or not any evidence or testimony is, in fact, designated as "ATTORNEYS' EYES ONLY" shall not be determinative of whether it is entitled to lawful protection as such, and the failure to make such a designation shall not constitute a waiver to do so.

9. ATTORNEYS' EYES ONLY MATERIAL produced pursuant to this Order shall be disclosed, revealed, or disseminated only to the Court, the court personnel or staff, and counsel of record for the Participating Parties, their associate attorneys, paralegals, secretaries and clerical staff, and to the "ATTORNEYS' EYES ONLY QUALIFIED PERSONS" designated below:

(a) experts and consultants retained by counsel in the prosecution, defense, or settlement of this action;

(b) court reporters(s) employed in this action;

(c) for the examination at a deposition of a employee or agent of the Participating Party who designated such information as ATTORNEYS' EYES ONLY MATERIAL;

(d) any other person as to whom the Participating Parties agree in writing.

10. Prior to reviewing any ATTORNEYS' EYES ONLY MATERIAL each ATTORNEYS' EYES ONLY QUALIFIED PERSON shall execute the Non-Disclosure Agreement in the form of Attachment B.  The Participating Parties must retain copies of any executed Non-Disclosure Agreements and must surrender said copies following the adjudication or settlement of this action as set forth in paragraph 18 herein.

11. Testimony taken at a deposition may be designated as ATTORNEYS' EYES ONLY by making a statement to that effect on the record at the deposition.  Arrangements shall be made with the deposition reporter taking and transcribing information designated as ATTORNEYS' EYES ONLY to bind such portions of the deposition transcript containing information designated as

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

Stipulated Protective Order                              5.                          Case No. 1:12-CV-01889-LJO-GSA

ATTORNEYS EYES ONLY MATERIAL, and to label such portions appropriately. During deposition testimony designated as ATTORNEYS' EYES ONLY MATERIAL, such a deposition, or portion thereof, shall be taken only in the presence of persons who are permitted access to such information under this Order, unless agreed in writing between counsel

12. Notwithstanding the above, the Participating Parties do not waive any right to challenge whether the material designated or not designated as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY MATERIAL is properly designated or not designated as such, and do not waive any right to challenge at any hearing, trial or other proceeding, whether such CONFIDENTIAL INFORMATION is, in fact, confidential or private or whether such ATTORNEYS' EYES ONLY MATERIAL is entitled to protection under the Uniform Trade Secrets Act or any other legal or contractual protection.

13. The Participating Parties agree that disclosure of any material designated as CONFIDENTIAL or ATTORNEY'S EYES ONLY to any news source, media outlet, or to any person who discloses the information to any news source or media outlet will result in irreparable harm.

14. Prior to seeking to admit or introduce any CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY MATERIAL into the public record in this case, whether in writing or orally (including the filing of papers which constitute or contain Confidential Information, and including at the trial of this action), the Participating Parties and their attorneys will cooperate in good faith to seek appropriate rulings from the Court to safeguard the confidentiality of Confidential Information, to the extent possible, whether by sealing orders or otherwise. In the event that any CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY MATERIAL is used in any court proceeding in this action shall not lose their confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during and after such

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Stipulated Protective Order                6.                Case No. 1:12-CV-01889-LJO-GSA

use.

15. If through inadvertence a Participating Party produces or offers as testimony any CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY MATERIAL without labeling it or otherwise designating it as such, at any time, the producing Participating Party may give written notice designating such information as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY MATERIAL to opposing counsel and to whomever the information was provided.

16. If any CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY MATERIAL is subpoenaed, or its production otherwise lawfully requested, by any third party, the Participating Party from whom the CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY MATERIAL is requested ("Subpoenaed Party"), shall immediately inform the Participating Party who designated such information as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY MATERIAL ("Designating Party") in writing of the request. Upon request by the Designating Party, the Designated Party will promptly move for a protective order excusing disclosure of the requested CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY MATERIAL to the third party.

17. The terms of this Order shall survive the final termination of this action and shall be binding on the Participating Parties thereafter.

18. Within thirty (30) days of the termination or settlement of this action, the Participating Parties must simultaneously exchange and surrender any CONFIDENTIAL INFORMATION and/or ATTORNEYS' EYES ONLY MATERIAL and copies of any deposition transcripts designated as CONFIDENTIAL INFORMATION and/or ATTORNEYS' EYES ONLY MATERIAL. Upon surrendering to the other side CONFIDENTIAL INFORMATION and/or ATTORNEYS' EYES ONLY MATERIAL and/or deposition testimony, the surrendering Participating Party must also execute and furnish to the other side the Surrender of Confidential Information and Attorneys' Eyes Only Material Testimony

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Stipulated Protective Order                 7.                Case No. 1:12-CV-01889-LJO-GSA

Agreement, in the form of Attachment C. Said exchange shall occur by FedEx overnight delivery.

19. Nothing in this agreement shall be construed to prevent counsel from either side to conduct a reasonable investigation or contact potential witnesses.

20. This Order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such subpoena or request. This Order is intended to authorize such disclosures under the privacy regulations issued pursuant to Health Insurance Portability and Accountability Act of 1996, pub. L. 104-191, 110 Stat. 1936 (1996) ("HIPAA"). See 45 C.F.R. § 164.512(e)(1)(I).

21. The Participating Parties do not waive any evidentiary objections to documents produced under this SPO, if any, which may be raised at the time of trial.

22. This Order is subject to modification by stipulation or by further order of the Court.

IT IS AGREED.

Dated: January 28, 2014

/s/ Kathleen M. Phillips-Vieria
KATHLEEN M. PHILLIPS-VIERIA
PHILLIPS LAW FIRM
Attorney for Plaintiff
NORMAN SUHOVY

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Stipulated Protective Order　　　　　　　　8.　　　　　　　　Case No. 1:12-CV-01889-LJO-GSA

Dated: January 29, 2014

/s/ Ryan L. Eddings
RYAN L. EDDINGS
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
SARA LEE CORPORATION

**ORDER**

Upon a review of the parties' agreement above, the Court adopts the stipulated protective order filed on January 29, 2014 (Doc. 19), except that the third parties in paragraph 20 are limited to Robyn Aylor, Ph.D., and other health professionals who have treated Plaintiff. Any documents or information released pursuant to this paragraph must relate to Plaintiff's treatment administered by the third party.

Additionally, the parties are advised that any confidential information filed under seal, must be filed pursuant to the procedures outlined in Local Rule 141.

IT IS SO ORDERED.

Dated: **January 30, 2014**              **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Stipulated Protective Order          9.          Case No. 1:12-CV-01889-LJO-GSA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

Stipulated Protective Order       10.       Case No. 1:12-CV-01889-LJO-GSA