1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN SUHOVY,<br><br>                    Plaintiff,<br><br>    v.<br><br>SARA LEE CORPORATION and DOES 1 – 100,<br><br>                    Defendants. | 1:12-CV-01889-LJO-GSA<br><br>**ORDER ON MOTION FOR SUMMARY JUDGMENT AND REQUEST FOR CONTINUANCE**<br>(Docs. 21, 28) |

## INTRODUCTION

Plaintiff Norman Suhovy ("Suhovy") brings this action against his former employer Sara Lee Corporation ("Sara Lee") for disability discrimination, retaliation, wrongful termination, intentional infliction of emotional distress, and negligent infliction of emotional distress.  Before the Court is Defendant Sara Lee's motion for summary judgment of Suhovy's complaint.  In opposition to Sara Lee's motion for summary judgment, Suhovy filed a request for a continuance from this Court.  For the reasons discussed below, the Court GRANTS Sara Lee's motion for summary judgment and DENIES Suhovy's request for a continuance.

## BACKGROUND

**A.     Facts**

Suhovy began employment with Sara Lee in 1993 and worked as a Sales Manager in various parts of California from 2005 until his termination on January 21, 2011.  In August 2005, Dave Loflin ("Loflin") became Suhovy's supervisor and remained in that role for the duration of Suhovy's employment at Sara Lee.

1

At some point after Loflin became Suhovy's manager and before May 2010, Suhovy learned that another employee was going to be laid off. When that employee asked Suhovy whether he/she was going to be laid off, Suhovy responded in the affirmative. Suhovy alleges that, from that point on, Loflin gave Suhovy lower employee evaluations.

In December 2009, Suhovy was given a Coaching for Improvement due to poor performance. In February 2010, Loflin met with Suhovy for a Review of Coaching for Improvement. As a result of Suhovy's failure to attain the goals of his Coaching for Improvement, Suhovy was moved to a Performance Improvement Plan ("PIP") on February 24, 2010. Loflin periodically reviews Suhovy's performance under the PIP. Suhovy failed to attain the goals of his PIP for the first five consecutive periods.

On May 17, 2010, Zone Operations Manager Bob Wagoner sent an email to twelve Sara Lee employees in his region, including Suhovy. The email included an attachment that disclosed performance information on twenty employees, including Suhovy. The attachment reviewed Suhovy's performance in the fiscal year ending in July 2009, before Suhovy received his Coaching for Improvement. Sara Lee's policies state that performance appraisals are confidential. Suhovy alleges that Loflin released Suhovy's performance evaluation in retaliation for telling the other employee about his or her layoff.

Suhovy communicated this improper disclosure of performance information to Loflin. On June 17, 2010, Suhovy contacted Sara Lee's Global Compliance Office to report the improper disclosure. Global Compliance responded that it had investigated the incident and determined that it was "an unfortunate, but inadvertent accident." (Doc. 22, p. 5). Global Compliance further responded that it had counseled the individual responsible for the disclosure "on the need to use care in transmitting confidential information." *Id*.

Suhovy alleges that he had received above standard reports in the past which made him promotable within the company. Suhovy claims that, since he complained to Loflin about the improper disclosure of performance information, Loflin has given Suhovy less favorable evaluation in retaliation for Suhovy's complaint.

After failing to attain the goals of his Coaching for Improvement, being placed on a PIP, and

2

failing to meet the goals of the PIP for five consecutive periods, Suhovy failed to meet his sales targets for fiscal year 2010.  Suhovy's PIP was extended through the first five periods of fiscal year 2011. Suhovy failed to meet his goals in each of those periods.  In sum, Suhovy failed to meet his goals in all ten periods for which he was placed on a PIP.

Suhovy retained an attorney because he believed he was subject to unlawful retaliation.  On or around December 28, 2010, Suhovy's attorney sent a letter to Sara Lee asking them to respond by January 12, 2011 to avoid legal action.

On January 21, 2011, Suhovy was terminated from his employment at Sara Lee.

**B.    Procedural History**

On June 8, 2012, Suhovy brought this action for retaliation, wrongful termination in violation of public policy, intentional infliction of emotional distress, negligent infliction of emotional distress, and disability discrimination in Tulare Superior Court.  On November 15, 2012, Sara Lee removed this action to this Court on the basis of diversity jurisdiction.  Sara Lee filed the instant motion for summary judgment of Suhovy's complaint on March 11, 2014.  On March 27, 2014, Suhovy submitted a request for a continuance.  On March 28, 2014, Sara Lee filed an opposition to Suhovy's request for a continuance.

**DISCUSSION**

**Request for Continuance**

**A.    Legal Standard**

Fed. R. Civ. P. 56(d) allows a party opposing summary judgment to seek a continuance if the party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition[.]"  "A party requesting a continuance pursuant to Rule 56(f) must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment."[1] *Tatum v. City & Cnty. of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006) (internal citations omitted).  *See*, *State of Cal., on Behalf of California Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998) ("Thus, the defendants must show (1) that they

---

[1] The provisions of subsection (f) of Rule 56 became current subsection (d) without substantial change during the 2010 Amendments of Rule 56.

3

have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion.").

**B.    Analysis**

In response to Sara Lee's motion for summary judgment, Suhovy filed only a declaration of Suhovy's counsel "in Opposition to Defendant's Motion for Summary Judgment" and "specifically requests the court to make an order continuing the hearing and opposition time to allow Plaintiff to obtain the necessary deposition testimony of Dave Loflin."  (Doc. 28, p. 1).

First, Suhovy's submission fails to comply in form with Rule 56(f).  "References in memoranda and declarations to a need for discovery do not qualify as motions under Rule 56(f)."  *Id*. (quoting *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986)).  "Rather, Rule 56(f) requires litigants to submit affidavits setting forth the particular facts expected from further discovery."  *Id*.  Suhovy filed no affidavits.  His counsel's declaration as to the need for further discovery does not meet the requirements of Rule 56(d).  The Ninth Circuit has held that "'[f]ailure to comply with the requirements of Rule 56(f) is a proper ground for denying discovery and proceeding to summary judgment.'"  *Id*. (quoting *Brae Transp., Inc.*, 790 F.2d at 1443).  Therefore, this alone serves as sufficient basis for the Court to deny Suhovy's request for a continuance.

Second, Suhovy's request fails to identify the specific facts that further discovery may have revealed that would preclude summary judgment in favor of Sara Lee.  *Tatum*, 441 F.3d at 1100.  The request merely states that, by questioning Loflin about "Plaintiff's employment performance and the goals that Plaintiff was set to meet on the Performance Improvement Plan, along with reasons other employees similarly situated were not placed on such a plan when they failed to meet goals," Suhovy will show that "the reason for the termination of Plaintiff was mere pretext."  (Doc. 28, p. 4).  Suhovy does not indicate what facts to be revealed by Loflin's deposition would establish "pretext" or how the showing of "pretext" is essential to justify Suhovy's opposition to summary judgment of his claims, including negligent infliction of emotional distress and intentional infliction of emotional distress.  *Tatum*, 441 F.3d at 1100-01.  *See also*, *Campbell*, 138 F.3d at 779-80 ("[A]s we have emphasized, '[d]enial of a Rule 56(f) application is proper where it is clear that the evidence sought is . . . the object

1    of pure speculation.") (quoting *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991)).

2        Further, Suhovy's request fails to provide the specific reasons why he was unable to obtain

3    Loflin's deposition before summary judgment.  Rule 56(d) on its face instructs the party seeking a

4    continuance to state the "*specified reasons* [that] it cannot present facts essential to justify its

5    opposition[.]" (emphasis added).  "[T]he movant cannot complain if it fails to pursue discovery

6    diligently before summary judgment." *Brae Transp., Inc.*, 790 F.2d at 1443 (citing *Frederick S. Wyle,*

7    *P.C. v. Texaco, Inc.*, 764 F.2d 604, 612 (9th Cir. 1985)).  Here, Suhovy's counsel only discusses one

8    attempt she made to obtain Loflin's deposition two months after the close of non-expert discovery and

9    makes the general statement that, "[p]rior to this informal discovery dispute conference, Plaintiff had

10   requested on numerous occasions to take the deposition of Dave Loflin[.]"  (Doc. 28, p. 2).  However,

11   Sara Lee presents evidence that Suhovy never once attempted to obtain Loflin's deposition during the

12   entire discovery period, and only began to make the request after the close of discovery.  (Doc. 29, p.

13   11) ("Specifically, counsel for Plaintiff stated 'I asked my paralegal months ago to set the deposition of

14   Dave Loflin.  Apparently that was not done, I need to arrange a time and date to take his deposition,

15   and we can also discuss the IME.'") (citing Eddings Decl., ¶ 6, Exh. E).  Moreover, Suhovy's

16   complaint, filed in June 2012, repeatedly named Loflin and alleged that he played a key role in the

17   wrongful conduct against Suhovy.  Suhovy provides no evidence of any specific attempt to obtain

18   Loftin's deposition between then and the close of non-expert discover in January 2014.

19        Because Suhovy's request falls far short of the requirements of Rule 56(d), the Court DENIES

20   Suhovy's request for a continuance pursuant to Fed. R. Civ. P. 56(d).

21                    **Motion for Summary Judgment**

22    **A.  Legal Standard**

23        Fed .R. Civ. P. 56(b) permits a "party against whom relief is sought" to seek "summary

24   judgment on all or part of the claim."  "A district court may dispose of a particular claim or defense by

25   summary judgment when one of the parties is entitled to judgment as a matter of law on that claim or

26   defense." *Beal Bank, SSB v. Pittorino*, 177 F.3d 65, 68 (1st Cir. 1999).

27        Summary judgment is appropriate when there exists no genuine issue as to any material fact

28   and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c)(2); *Matsushita*

1   *Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *T.W. Elec. Serv., Inc. v. Pacific Elec.*

2   *Contractors Assn.*, 809 F.2d 626, 630 (9th Cir. 1987).  The purpose of summary judgment is to "pierce

3   the pleadings and assess the proof in order to see whether there is a genuine need for trial." *Matsushita*

4   *Elec.*, 475 U.S. at 586, n. 11; *International Union of Bricklayers v. Martin Jaska, Inc.*, 752 F.2d 1401,

5   1405 (9th Cir. 1985).

6        The evidence of the party opposing summary judgment is to be believed, and all reasonable

7   inferences that may be drawn from the facts before the court must be drawn in favor of the opposing

8   party.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986); *Matsushita*, 475 U.S. at 587.  The

9   inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or

10  whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–

11  252.

12       To carry its burden of production on summary judgment, a moving party "must either

13  produce evidence negating an essential element of the nonmoving party's claim or defense or show

14  that the nonmoving party does not have enough evidence of an essential element to carry its ultimate

15  burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Companies*, Inc., 210 F.3d 1099,

16  1102 (9th Cir. 2000); *see, High Tech Gays v. Defense Indus. Sec. Clearance Office*, 895 F.2d 563, 574

17  (9th Cir. 1990).  "[T]o carry its ultimate burden of persuasion on the motion, the moving party must

18  persuade the court that there is no genuine issue of material fact." *Nissan Fire*, 210 F.3d at 1102; *see*

19  *High Tech Gays*, 895 F.2d at 574.  "As to materiality, the substantive law will identify which facts are

20  material." *Anderson*, 477 U.S. at 248.  "Only disputes over facts that might affect the outcome of the

21  suit under the governing law will properly preclude the entry of summary judgment." *Id.*

22       "If a moving party fails to carry its initial burden of production, the nonmoving party has no

23  obligation to produce anything, even if the nonmoving party would have the ultimate burden of

24  persuasion at trial." *Nissan Fire*, 210 F.3d at 1102–1103; *see, Adickes v. S. H. Kress & Co.*, 398 U.S.

25  144, 160 (1970).  "If, however, a moving party carries its burden of production, the nonmoving party

26  must produce evidence to support its claim or defense." *Nissan Fire*, 210 F.3d at 1103; *see, High Tech*

27  *Gays*, 895 F.2d at 574.  "If the nonmoving party fails to produce enough evidence to create a genuine

28  issue of material fact, the moving party wins the motion for summary judgment." *Nissan Fire*, 210

F.3d at 1103; *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make the showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.")

"But if the nonmoving party produces enough evidence to create a genuine issue of material fact, the nonmoving party defeats the motion." *Nissan Fire*, 210 F.3d at 1103; *see, Celotex*, 477 U.S. at 322. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288–289, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

"In cases that involve ... multiple causes of action, summary judgment may be proper as to some causes of action but not as to others, or as to some issues but not as to others, or as to some parties, but not as to others." *Barker v. Norman*, 651 F.2d 1107, 1123 (5th Cir. 1981); *see also, Robi v. Five Platters*, Inc., 918 F.2d 1439 (9th Cir. 1990); *Cheng v. Commissioner Internal Revenue Service*, 878 F.2d 306, 309 (9th Cir. 1989). A court "may grant summary adjudication as to specific issues if it will narrow the issues for trial." *First Nat'l Ins. Co. v. F.D.I.C.*, 977 F.Supp. 1051, 1055 (S.D. Cal. 1977).

**B.    Analysis**

   1.    **Disability Discrimination and Termination**

In his first and fifth causes of action, Suhovy claims that Sara Lee unlawfully discriminated against him and terminated him due to a disability in violation of the Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12940.

FEHA prohibits an employer from discriminating in the "terms, conditions, or privileges of employment" because of an employee's disability. Cal. Gov. Code § 12940. "A prima facie case for discrimination 'on grounds of physical disability under the FEHA requires plaintiff to show: (1) he suffers from a disability; (2) he is otherwise qualified to do his job; and, (3) he was subjected to adverse employment action because of his disability.'" *Arteaga v. Brink's, Inc.*, 163 Cal. App. 4th 327,

344-45 (Cal. Ct. App. 2008) (quoting *Faust v. California Portland Cement Co.*, 150 Cal.App.4th 864, 886 (Cal. Ct. App. 2007)).

Even if Suhovy could prove that he suffers from a disability and that he is otherwise qualified to do his job, there is no genuine issue of material fact as to whether he was subjected to an adverse employment action because of his disability.  Suhovy claims to suffer from the "physical disability" of "emotional distress and suffering caused by Dave Loflin's conduct." (Compl. ¶ 37).  It is undisputed that Suhovy was given Coaching for Improvement, placed on a PIP for a total of ten periods, and terminated after failing to meet his goals in any of the ten periods.  Suhovy himself testified at his deposition that the *only* reason Sara Lee terminated him was because of his complaint regarding the email disclosure of employee performance data.  (Suhovy Decl. 67:22-68:14) (emphasis added).  Suhovy offers no evidence to show that he was terminated because of his disability, assuming he can prove he suffers from one.  In fact, Suhovy can offer no such evidence without contradicting his own sworn testimony.

Because there is no genuine issue of material fact as to Suhovy's failure to establish an essential element of a disability discrimination claim under FEHA, Sara Lee's motion for summary adjudication as to Suhovy's first and fifth causes of action is GRANTED.

2.    **Retaliation**

In his second cause of action, Suhovy claims that Sara Lee unlawfully retaliated against him in violation of Cal. Lab. Code §§ 6310 and 1102.5(c) and that Sara Lee failed to prevent the retaliation in violation of FEHA, Cal. Gov. Code § 12940(k).

Analysis of a claim for retaliatory termination under California law follows a three-step approach.  First, plaintiff must establish a prima facie case.  If he succeeds, the burden shifts to defendant to establish a legitimate non-retaliatory reason for the adverse employment action.  If defendant carries its burden, plaintiff must demonstrate that the stated reasons are merely pretext for retaliation.  *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal.4th 1028, 1042 (2005) (adopting the *McDonnell Douglas v. Green*, 411 U.S. 792 (1973) burden-shifting framework).

Generally, to establish a prima facie case of employment retaliation, a plaintiff must show that he engaged in a protected activity as defined by the relevant statute or law, that he was subjected

to an adverse employment action, and that there was a causal link between the two. *Muller v. Auto. Club of So. California*, 61 Cal.App.4th 431, 451 (Cal. App. Ct. 1998) (applying these elements in Cal. Lab. Code § 6310 retaliation); *Patten v. Grant Joint Union High Sch. Dist.*, 134 Cal. App. 4th 1378, 1384 (2005) (applying these elements in Cal. Lab. Code § 1102.5 retaliation); *Yanowitz*, 36 Cal.4th at 1042 (applying these elements to retaliation under FEHA). As discussed further below, Suhovy fails to show that he engaged in a protected activity under any of these statutory provisions and therefore fails to establish the first element of a prima facie case of retaliation. Accordingly, the burden-shifting analysis need not proceed further.

### i.     Retaliation in Violation of Cal. Lab. Code § 6310

Section 6310 prohibits retaliatory discrimination against or discharge of an employee "because the employee has made a bona fide oral or written complaint . . . of unsafe working conditions, or work practices, in his or her employment or place of employment [.]" Cal. Lab. Code § 6310. Here, Suhovy complained to Sara Lee regarding the email disclosure of employee performance and alleges that Loflin retaliated against him for confirming another employee's impending layoff. There is no evidence that Suhovy complained to Sara Lee, the Division of Occupational Safety and Health, or any other government agency regarding unsafe working conditions or practices at Sara Lee. Cal. Gov. Code § 6310. Suhovy therefore fails to show that he engaged in a protected activity under § 6310.

### ii.     Retaliation in Violation of Cal. Lab. Code § 1102.5(c)

Section 1102.5(c) states that an employer "shall not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation." Cal. Lab. Code § 1102.5(c). Suhovy makes no allegations and offers no evidence that Sara Lee retaliated against him for refusing to participate in any unlawful activity. Suhovy therefore fails to show that he engaged in a protected activity under § 1102.5(c).

### iii.     Failure to Prevent Retaliation in Violation of Cal. Gov. Code § 12940(k)

Under FEHA, it is unlawful "for an employer . . . to fail to take all reasonable steps

necessary to prevent discrimination and harassment from occurring."  Cal. Gov. Code § 12940(k).  When a plaintiff seeks to recover damages based on a claim of  failure to prevent harassment or discrimination, he must show three essential elements: (1) plaintiff was subjected to discrimination, harassment or retaliation; (2) defendant failed to take all reasonable steps to prevent discrimination, harassment or retaliation; and (3) this failure caused plaintiff to suffer injury, damage, loss or harm.  *Leleand v. City and County of San Francisco*, 576 F.Supp.2d 1079, 1103 (N.D. Cal. 2008).  There is no evidence that Suhovy engaged in any protected activity under FEHA or that Sara Lee believed that he engaged in any protected activity under FEHA.  Cal. Gov. Code § 12940.  Because Suhovy did not engage in protected activity, then, as a matter of law, he was not subject to retaliation for engaging in a protected activity, and Sara Lee did not fail to prevent retaliation against him for engaging in a protected activity.  *Trujillo v. N. Cnty. Transit Dist.*, 63 Cal. App. 4th 280, 284 (1998) ("There's no logic that says an employee who has not been discriminated against can sue an employer for not preventing discrimination that didn't happen[.]").

### 3.  Wrongful Termination in Violation of Public Policy

In his second cause of action, Suhovy also claims that Sara Lee wrongfully terminated him in violation of public policy.  The California Supreme Court has stated that, "[a]part from the terms of an express or implied employment contract, an employer has no right to terminate employment for a reason that contravenes fundamental public policy as expressed in a constitutional or statutory provision."  *Turner v. Anheuser-Busch, Inc.*, 7 Cal. 4th 1238, 1252 (1994) (citing *Gantt v. Sentry Insurance*, 1 Cal.4th 1083, 1094–1095 (1992)).  "An actual or constructive discharge in violation of fundamental public policy gives rise to a tort action in favor of the terminated employee."  *Id*. (citing *Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 665 (1988); *Tameny v. Atlantic Richfield Co.*, 27 Cal.3d 167, 178 (1980)).  *See also*, *Letch v. Safeway Stores, Inc.*, C-05-1781, 2005 WL 2206699 (N.D. Cal. Sept. 12, 2005) ("In order to prevail on a claim for wrongful termination in violation of public policy, [the plaintiff] must show that [the defendant] terminated her employment in violation of a policy that is (1) fundamental, (2) beneficial for the public, and (3) embodied in a statute or constitutional provision or an administrative regulation.") (citing *Turner*, 7 Cal.4th at 1256; *Green v. Ralee Engineering Co.*, 19 Cal.4th 66, 80 (1998)) (internal quotation omitted).  Here, Suhovy makes

1  no allegations as to his wrongful discharge claim apart from the allegations regarding his claims for

2  retaliation and failure to prevent.  Suhovy fails even to identify what public policy his termination

3  allegedly violated, let alone argue or offer evidence that the public policy was fundamental, beneficial

4  to the public, and embodied in a statute or regulation.   Rather, as with the rest of his second cause of

5  action, Suhovy appears to oppose Sara Lee's conduct because it allegedly violated Sara Lee's own

6  internal policies regarding confidentiality and retaliation rather than any applicable law.  (Compl. ¶¶

7  11, 13).  "The tort of wrongful discharge is not a vehicle for enforcement of an employer's internal

8  policies[.]"  *Turner*, 7 Cal.4th at 1257.

9       Therefore, Sara Lee's motion for summary adjudication as to Suhovy's second cause of

10  action for retaliation, failure to prevent, and wrongful discharge is GRANTED.

11       Suhovy's claims in his second cause of action are entirely unsupported.  A cursory review

12  would reveal that Cal. Lab. Code §§ 6310 and 1102.5(c) and Cal. Gov. Code § 12940(k) have no

13  relation to Suhovy's allegations and proffered evidence, or lack thereof, other than their common use

14  of the term "retaliate."  Suhovy's wrongful termination in violation of public policy claim fails even to

15  identify what public policy his termination supposedly violated.   Accordingly, the Court

16  ADMONISHES Plaintiff Suhovy's counsel to exercise reasonable care and judgment as an officer of

17  the court in bringing claims through the judicial system.

18       ### 4.       **Intentional Infliction of Emotional Distress**

19       In his third cause of action, Suhovy brings a claim for intentional infliction of emotional

20  distress against Sara Lee.  In support of this claim, Suhovy alleges that Sara Lee discriminated and

21  retaliated against and terminated him for seeking medical treatment, taking protected medical leave,

22  and complaining about the email disclosure of employee performance information.

23       "A cause of action for intentional infliction of emotional distress exists when there is (1)

24  extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard

25  of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme

26  emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's

27  outrageous conduct."  *Hughes v. Pair*, 46 Cal. 4th 1035, 1050, (2009) (citing *Potter v. Firestone Tire*

28  *& Rubber Co.*, 6 Cal.4th 965, 1001 (1993); *Christensen v. Superior Court*, 54 Cal.3d 868, 903 (1991)).

"A defendant's conduct is 'outrageous' when it is so 'extreme as to exceed all bounds of that usually tolerated in a civilized community.'" *Id* at 1050-51 (quoting *Potter*, 6 Cal.4th at 1001). "And the defendant's conduct must be 'intended to inflict injury or engaged in with the realization that injury will result.'" *Id*. at 1051 (quoting *Potter*, 6 Cal.4th at 1001). "Liability for intentional infliction of emotional distress does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Id*. (internal quotation and citations omitted).

Suhovy fails to show that Sara Lee engaged in extreme and outrageous conduct. Suhovy provides no evidence to show that Sara Lee discriminated or retaliated against him or terminated him because he sought medical treatment or because he took medical leave. When asked to state all facts that he believed evidences Sara See's intentional infliction of emotional distress, Suhovy listed the following: 1) he was terminated without "just cause" resulting in loss of income and benefits; 2) he had to drive 2.5 hours to a one hour meeting once a month; 3) Loflin once made him drive to Fresno for a yearly review rather than giving it to him in Morro Bay; 4) Loflin refused to shake his hand at a sales meeting in December 2010; 5) Loflin had him work through holidays and terminated him after work became slow; and 6) he received no mentoring from Loflin to improve his performance. (Doc. 24 Exh. B at 8-9). None of these could be said to amount to conduct "so 'extreme as to exceed all bounds of that usually tolerated in a civilized community.'" *Hughes*, 46 Cal. 4th at 1050-51 (quoting *Potter*, 6 Cal.4th at 1001). Rather, they are precisely the sort of "insults, indignities, [or] petty oppressions" that categorically fail to support intentional infliction of emotional distress claims. *Id*. Moreover, "[a] plaintiff's subjective belief that his termination was unnecessary or unwarranted is not sufficient to create a genuine issue of material fact." *Haley v. Cohen & Steers Capital Mgmt., Inc.*, 871 F. Supp. 2d 944, 953 (N.D. Cal. 2012) (citing *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 n. 6 (9th Cir. 2006)).

Because there is no genuine issue of material fact as to Suhovy's failure to establish the first required element of an intentional infliction of emotional distress claim, Sara Lee's motion for summary adjudication as to Suhovy's third cause of action is GRANTED.

     5.    **Negligent Infliction of Emotional Distress**

In his fourth cause of action, Suhovy brings a claim for negligent infliction of emotional

distress against Sara Lee. Suhovy alleges that Sara Lee, "in discriminating against him, retaliating against him, and wrongfully terminating his employment, negligently caused Plaintiff harm." (Compl. ¶ 33).

"Negligent infliction of emotional distress, which is simply the tort of negligence, contains the traditional elements of duty, breach of duty, causation and damages." *Jacoves v. United Merch. Corp.*, 9 Cal. App. 4th 88, 107 (1992) (citing *Burgess v. Superior Court*, 2 Cal.4th 1064, 1072 (1992)). The California Supreme Court has "made it clear that to recover damages for emotional distress on a claim of negligence where there is no accompanying personal, physical injury, the plaintiff must show that the emotional distress was 'serious.'" *Wong v. Tai Jing*, 189 Cal. App. 4th 1354, 1377 (2010) (citing *Molien v. Kaiser Foundation Hospitals*, 27 Cal.3d 916, 927-30 (1980)). The Court explained that, "'serious emotional distress may be found where a reasonable man, normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of the case.'" *Molien*, 27 Cal.3d at 928 (quoting *Rodrigues v. State*, 472 P.2d 509, 520 (1970)).

Even assuming Suhovy can show that Sara Lee breached a duty it owed to him, he fails to show that he suffered "serious emotional distress" as defined by the California Supreme Court. *Id*. As discussed above, the evidence as to Sara Lee's conduct does not support Suhovy's claims for discrimination, retaliation, or wrongful discharge. Further, when asked to list all facts that he believes evidences Sara Lee's negligent infliction of emotional distress, Suhovy stated that 1) an office manager in Fresno told him to watch his back in 2009; and 2) Van Wagoner had been spreading rumors about his job performance in San Luis Obispo. (Doc. 24 Exh. B at 9). These statements do not establish a sufficient basis for a negligent infliction of emotional distress claim, and Suhovy offers no evidence to support these statements. There is simply no evidence that Sara Lee engaged in any conduct that would have subjected a reasonable man, normally constituted, to mental stress with which he would be unable to adequately cope. *Molien*, 27 Cal.3d at 928 (quoting *Rodrigues*, 472 P.2d at 520).

Because there is no genuine issue of material fact that Suhovy fails to establish he suffered serious emotional distress as required for a negligent infliction of emotional distress claim, Sara Lee's motion for summary adjudication as to Suhovy's fourth cause of action is GRANTED.

**CONCLUSION AND ORDER**

For the reasons discussed above, the Court:

1.     DENIES Plaintiff Norman Suhovy's request for a continuance;

2.     GRANTS Defendant Sara Lee's motion for summary judgment as to Plaintiff Norman Suhovy's complaint; and

3.     ORDERS the Clerk of Court to enter judgment in favor of Defendant Sara Lee and against Plaintiff Norman Suhovy and to close the case.

IT IS SO ORDERED.

Dated:   __**April 10, 2014**__          __**/s/ Lawrence J. O'Neill**__
                                          UNITED STATES DISTRICT JUDGE